UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

       - against -

ALI YASIN AHMED, ET AL.,

                      Defendants.
----------------------------------------------------------X

Order

12-CR-661 (SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 26 2014 ★
BROOKLYN OFFICE

**TOWNES, United States District Judge,**

Currently before the Court is the Government's November 4, 2014 letter, in which the Government indicates that it anticipates taking a deposition of a cooperating witness abroad and outside the presence of the defendants.[1] Depositions conducted abroad and outside the presence of defendants are governed by Rule 15(c)(3), which provides that:

> **(3) Taking Depositions Outside the United States Without the Defendant's Presence.** The deposition of a witness who is outside the United States may be taken without the defendant's presence if the court makes case-specific findings of all the following:
>
> (A) the witness's testimony could provide substantial proof of a material fact in a felony prosecution;
>
> (B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained;
>
> (C) the witness's presence for a deposition in the United States cannot be obtained;
>
> (D) the defendant cannot be present because:
>
>> (i) the country where the witness is located will not permit the defendant to attend the deposition;
>>
>> (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or

---

[1] For the safety of the witness and parties who may attend, the Court will not place the date or location of such depositions on the publically available docket.

> (iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; and
>
> (E) the defendant can meaningfully participate in the deposition through reasonable means.

Fed. R. Crim. P. Rule 15(c)(3). Additionally, under the Sixth Amendment's Confrontation Clause, a criminal defendant must have "a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony." *Brinson v. Walker*, 547 F.3d 387, 392 (2d Cir. 2008); *see also US v Ahmed Omar Abu Ali*, 528 F.3d 210 (4th Cir. 2008); *United States v. Abu Ghayth*, No. S14 98 CRIM. 1023, 2014 WL 144653, at *2 (S.D.N.Y. Jan. 15, 2014).

The Government has not yet made the required detailed application pursuant to Rule 15(c)(3). In light of the impending trial date, the Government is directed to make any application for leave to take depositions abroad on or before December 1, 2014. The Government's application must establish all of the facts necessary to enable the Court to make the case-specific findings set out in Rule 15(c)(3). Pursuant to Rule 15(c)(3)(E), the Government must, to the best of its ability, set out the exact protocols that it anticipates will be implemented to ensure the defendants' meaningful participation and protect their rights under the Confrontation Clause. Pursuant to Rule 15(d)(1), in light of defendants' indigent status, the Government must bear the expenses of "any reasonable travel and subsistence expenses of ... the defendant's attorney to attend the deposition; and []the costs of the deposition transcript." Fed. R. Crim. P. 15(d)(1).

**SO ORDERED**

/s/ Sandra L. Townes

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
       November 24, 2014

2