UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

- against -

ALI YASIN AHMED, et al.,

Defendants.
------------------------------------------------------X

MEMORANDUM AND ORDER

12-CR-661 (SLT) (S-2)

**TOWNES, United States District Judge,**

Ali Yasin Ahmed, Madhi Hashi, and Mohamed Yusuf ("Defendants") have been charged with crimes relating to their alleged support of a foreign terrorist organization. Defendants are charged with "providing material support or resources to" and "receiving military-type training from" al-Shabaab, "designated foreign terrorist organization," in violation of 18 U.S.C. §§ 2339B and 2339(D), conspiring to provide material support to al-Shabbab, in violation of 18 U.S.C. § 2339B, and using a machinegun in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1). The United States of America ("the Government") moves to empanel an anonymous and partially sequestered jury for the trial, which is scheduled to commence on February 2, 2015. Specifically, the Government "requests that the names, addresses and workplaces of members of both the venire and petit juries not be revealed, that the jurors be kept together during recesses and taken to or provided lunch as a group each day during trial, and that they be escorted to and from the courthouse each day during trial in a manner to be arranged by the United States Marshals Service." (Gov't Br. at 2.) For the reasons set forth below, the Government's motion is GRANTED.

## Discussion

It is "well-established" that "the decision whether or not to empanel an anonymous jury is left to the district court's discretion," provided that "there is strong reason to believe the jury

needs protection," and the court takes "reasonable precautions to minimize any prejudicial effects on the defendant[s] and to ensure that [their] fundamental rights are protected." *United States v. Pica*, 692 F.3d 79, 88 (2d Cir. 2012) (quoting *United States v. Gotti*, 459 F.3d 296, 345 (2d Cir. 2006) (citation and quotation marks omitted); *see also United States v. Stewart*, 590 F.3d 93, 124 (2d Cir. 2009). Moreover, it is within the court's discretion to decide whether or not to conduct an evidentiary hearing into the Government's allegations in support of its motion. *United States v. Kaziu*, 559 F. App'x 32, 37-38 (2d Cir. 2014) (summary order) (citing *United States v. Kadir*, 718 F.3d 115, 121 (2d Cir. 2013) ("[T]he district court has discretion to determine whether or not an evidentiary hearing is needed on the government's allegations concerning a defendant's interference with the case...." (internal citation and quotation marks omitted)).

### A. Does the Jury Need Protection?

In determining whether there is a "strong reason" to believe that the jury needs protection, courts consider a number of factors, including, *inter alia*, (1) "the seriousness of the charges," (2) "the defendants' ability [and previous attempts] to interfere with the judicial process by themselves or through their associates," and (3) "the amount of public and media attention expected during the trial that might expose the jurors to extraordinary pressures that could impair their ability to be fair." *United States v. Persico*, No. 10-CR-147 SLT, 2012 WL 1188243, at *4 (E.D.N.Y. Apr. 6, 2012) (quoting *United States v. Cacace*, 321 F. Supp. 2d 532, 534 (E.D.N.Y. 2004)) (alterations omitted); *see also United States v. Al Fawwaz*, No. 98-CR-1023 LAK, --- F. Supp. 3d ---, 2014 WL 5005917, at *1 (S.D.N.Y. Sept. 30, 2014). This same standard applies to empanelling partially sequestered juries. *See United States v. Persico*, 621 F.Supp. 842, 880 (S.D.N.Y. 1985) ("[T]he Court can hardly let the public mingle freely with

jurors at every recess or the end of the trial day. This would ignore the importance of impanelling an anonymous jury and vitiate the efficacy of using that procedure."); *Gotti*, 459 F.3d at 345-46 (applying the same standard to the defendant's challenge to the use of an anonymous jury as to a partially sequestered jury); *Al Fawwaz*, 2014 WL 5005917, at *1 n.4 (same).

The Government contends that the nature and circumstances of this case present a heightened risk of interference with the judicial process because the terrorist organization to which the Defendants allegedly belong, al-Shabaab, has a history of engaging in "politically motivated violence" and because of extensive pre-trial media coverage in this case. (Gov't Br. at 9-12.) Defendants do not dispute that the charges in this case are serious. "However, the nature of the charges against a defendant 'does not, *ipso facto*, require' empanelling an anonymous jury." *United States v. Ashburn*, No. 13-CR-0303 NGG, 2014 WL 5800280, at *5 (E.D.N.Y. Nov. 7, 2014) (quoting *United States v. Mostafa*, 7 F. Supp. 3d 334, 336 (S.D.N.Y. 2014) ("Indeed, to so find would run counter to the cloak of innocence that surrounds any defendant on trial in this country.")). Defendants assert that the Government's proffer, as to the risk of interference with the judicial process, is "nothing but bluster," which merely invokes "the provocative terms 'terrorist activity' and terrorism'" without providing "something more," as required by *United States v. Vario*, 943 F.2d 236, 241 (2d Cir. 1991). (Defs' Br. at 2, 4.) Defendants also dispute the extent of the pre-trial media coverage in this case. (*Id.* at 6-7.)

Defendants are correct that the invocation of the words 'terrorism' or 'terrorist activity,' like "invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury." *Vario*, 943 F.2d at 241. In *Vario*, the Second Circuit found that a district court erred "insofar as it simply referred to another Mafia trial as

support for its decision" to grant the Government's motion for an anonymous jury. *Id.* The Second Circuit held that "[b]efore a district judge may rely on the organized crime connection of a defendant as a factor in the question of anonymous juries, [the district court] must make a determination that this connection has some direct relevance to the question of juror fears or safety in the trial at hand, beyond the innuendo that this connection conjures up." *Id.* The Court explained that "something more" must be shown, such as "a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf or a showing that trial evidence will depict a pattern of violence by the defendants and his associates such as would cause a juror to reasonably fear for his own safety." *Id.*

While Defendants are correct that mere invocation of inflammatory words is insufficient to justify an anonymous or semi-sequestered jury, "the specific charges in this case raise a 'reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety.'" *Al Fawwaz*, 2014 WL 5005917, at *1 (quoting *Stewart*, 590 F.3d at 125). Here, in support of its motion, the Government explains that, *inter alia*, al-Shabaab has declared responsibility for mortar attacks against a U.S. Congressman traveling to Somalia, has published threats to "hunt the U.S. government," and has repeatedly attacked civilians in suicide bombings and attacks on public places in the horn of Africa. (Gov't Br. 5-9.) Most important to this Court's analysis, al-Shabaab attacked a shopping mall in Kenya killing approximately 72 civilians in retaliation for the Kenyan government's perceived interference with al-Shabaab's mission. (Gov't Br. at 8-10.) Likewise, the United States of America's prosecution of Defendants – who are allegedly valuable members of al-Shabaab, alleged to have received specialized "military-type" training and at least one of whom allegedly featured in an al-Shabaab recruiting video –could be perceived as interfering with al-Shabaab's mission.

Accordingly, the Court concludes that, under the facts here, there is a "reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety." *Stewart*, 590 F.3d at 125.

In *Mostafa*, the District Court for the Southern District of New York declined to empanel an anonymous jury in a case in which the defendant was charged with hostage taking and providing and concealing material support and resources for terrorists and terrorist organizations. *Mostafa*, 7 F. Supp. 3d at 337-38. However, that case differs in one very material respect from the instant case. In *Mostafa*, the defendant had previously been tried in the United Kingdom for the same conduct *without an anonymous jury* and convicted without incident; there was "no harassment of jurors or any security incidents with respect to witnesses." *Id.* at 336. Accordingly, the district court declined to empanel an anonymous jury "[i]n light of the particular facts ... including that the defendant has stood trial without an anonymous jury and without incident previously and that the Government has presented no new facts." *Id.* at 338. Here, by contrast, neither Defendants nor al-Shabaab has demonstrated a willingness to submit to any government's judicial system without interference or retaliation. In any event, as the district court in *Al Fawwaz* explained when distinguishing the *Mostafa* decision, "it is important to bear in mind that the ultimate 'decision whether or not to empanel an anonymous jury is left to the district court's discretion' ... [and t]hus, even were this case identical to *Mostafa* in the pertinent respects, ... it would be entirely appropriate for this Court to weigh the considerations differently and to reach a different conclusion as to the appropriateness of an anonymous jury." *Al Fawwaz*, 2014 WL 5005917, at *2; *see also Ashburn*, 2014 WL 5800280, at *15 (distinguishing the *Mostafa* decision on the grounds that the defendant had previously been tried without incident.) Accordingly, the decision in *Mostafa* does not alter this Court's analysis.

5

"This ruling is buttressed by the extensive media coverage of the case," which is "an additional factor [that the Second Circuit has found to be] significant in considering the decision to empanel an anonymous jury." *Kadir*, 718 F.3d at 121. "Pre-trial publicity may militate in favor of an anonymous jury because it can 'enhance the possibility that jurors' names would become public and thus expose them to intimidation by defendants' friends or enemies, or harassment by the public.'" *Vario*, 943 F.2d at 240; *Persico*, 621 F.Supp. at 878. This Court has reviewed the evidence of pre-trial press coverage in this case and finds it sufficiently extensive to suggest that the media will continue taking an interest in this case, which could potentially expose the jurors to intimidation or harassment.

Accordingly, the Court grants the Government's motion to empanel an anonymous and semi-sequestered jury.

### B. *Reasonable Precautions*

"Where otherwise warranted," anonymous juries do not infringe defendants' constitutional rights, "'...so long as the court conducts a careful *voir dire* designed to uncover any bias as to the issues or the defendants and takes care to give the jurors a plausible and non-prejudicial reason for not disclosing their identities.'" *Stewart*, 590 F.3d at 124 (2d Cir. 2009) (quoting *United States v. Aulicino*, 44 F.3d 1102, 1116 (2d Cir. 1995)); *see also United States v. Quinones*, 511 F.3d 289, 295 (2d Cir. 2007).

In devising reasonable precautions, the Court "must balance the defendant[s'] interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury member's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict." *United States v. Amuso*, 21 F.3d 1251, 1264 (2d Cir. 1994). In *Al Fawwaz*, the District Court for the Southern District of New York

took "several precautions to protect the defendants' fundamental rights." 2014 WL 5005917, at *2-3. First, prospective jurors completed questionnaires which were "fashioned with the input of counsel [and] designed to uncover potential bias." *Id.* Second, counsel were given "ample time to review the completed questionnaires." *Id.* Third, the court permitted the parties to submit "motions to strike potential jurors for cause, based solely on the questionnaire responses ... [and] subsequently ... conduct[ed] oral *voir dire* of [remaining] prospective jurors." *Id.* The District Court also fashioned "a plausible and neutral explanation for not disclosing the jurors' identities[: they were informed] .... that selection of an anonymous jury is not unusual, will protect their privacy, and will assure that they are not contacted by the press or anyone else who may want to talk about the case." *Id.*

Here, the Court will similarly order distribution of questionnaires for prospective jurors, which will be fashioned with counsels' input and which counsel may rely upon in moving to strike jurors for cause. The Court will inform jurors in a neutral manner that the procedures being employed are standard procedures in federal court and intended to protect their privacy. *United States v. Thai*, 29 F.3d 785, 801 (2d Cir. 1994) ("In order to provide a nonprejudicial reason for maintaining anonymity, the introduction to the questionnaire stated, with the approval of the parties, that '[s]electing an anonymous jury is not an unusual practice and has been followed in many cases in Federal Court. Anonymity will ward off curiosity that might infringe on a juror's privacy....'").

## Conclusion

The Government's motion for an anonymous and partially sequestered jury is granted in its entirety. The Court orders that the names, addresses and workplaces of members of both the venire and petit juries not be revealed, that the jurors be kept together during recesses and taken

to or provided lunch as a group each day during trial, and that they be escorted to and from the courthouse each day during trial in a manner to be arranged by the United States Marshals Service.

**SO ORDERED**

                                                        S/
                                        SANDRA L. TOWNES
                                        United States District Judge

Dated: Brooklyn, New York
       December 10, 2014