

U.S. Department of Justice

United States Attorney
Eastern District of New York

SDD/SA/RT/AMS  
F. #2012R01574

271 Cadman Plaza East  
Brooklyn, New York 11201

January 16, 2015

By ECF

Counsel of Record

      Re:    United States v. Ahmed et al., 12 CR 661 (S2)

Dear Counsel:

      The government submits this letter to address several issues related to the above-referenced case, including (1) counsel for Mohamed Yusuf's letter to the Court dated December 12, 2014, (2) counsel for Mohamed Yusuf's purported supplemental Brady demand, dated January 15, 2015, and (3) the November 26, 2014 protective order entered by the Court related to unclassified discovery in this case.

    I.    Counsel for Mohamed Yusuf's Letter Dated December 12, 2014

      In response to Counsel for Mohamed Yusuf's letter to the Court dated December 12, 2014, in which he references a request relating to a portion of the classified summary previously produced to the defendants in the above-referenced matter, and in connection with our recent ongoing discussions regarding the same issue, the government writes to apprise counsel for Mohamed Yusuf that his request has been conveyed to the component of the U.S. government that controls the information you are seeking authority to disclose.  Before the government can inform you of its ultimate position with respect to the disclosure of such information, the government respectfully requests that you specify the particular information you wish to disclose as well as the relevance and basis for admissibility at trial of such information.

      As you may know, there are three critical pretrial steps in the handling of classified information under the Classified Information Procedures Act ("CIPA") where, as here, such information has been provided to the defense in discovery.  First, the defense must specify in detail the precise classified information it reasonably expects to disclose at trial.  Second, the Court, upon motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance and admissibility of the proposed evidence.  Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the government may move to substitute an admission of relevant facts or summaries for classified information that the Court rules admissible.

CIPA Section 5(a) requires a defendant who intends to disclose (or cause the disclosure of) classified information to provide timely pretrial written notice of that intention to the Court and the government. Section 5(a) expressly requires that such notice include a brief description of the classified information, and the notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." United States v. Collins, 720 F.2d 1195, 1199 (11th Cir. 1983); see also United States v. Yunis, 867 F.2d 617, 622-23 (D.C. Cir. 1989) ("A defendant seeking classified information . . . is entitled only to information that is at least helpful to the defense of [the] accused") (citation omitted); United States v. Smith, 780 F.2d 1102, 1105 (4th Cir. 1985) (en banc). This requirement applies to both documentary exhibits and oral testimony, whether it is anticipated to be brought out on direct or cross-examination. See, e.g., United States v. Wilson, 750 F.2d 7 (2d Cir. 1984); Collins, 720 F.2d at 1195.

If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the Court to preclude disclosure of the classified information. See United States v. Badia, 827 F.2d 1458, 1464-66 (11th Cir. 1987) (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA § 5). Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA. See Smith, 780 F.2d at 1105 ("defendant is forbidden from disclosing any such information absent the giving of notice"); see generally United States v. North, 708 F. Supp. 389 (D.D.C. 1988).

Prior to trial, pursuant to Section 6(a) of CIPA, upon motion of the government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. 3, § 6(a). The statute expressly provides that if the Section 6(a) motion is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." Id. (emphasis added).

Section 6(b) of CIPA requires that before any hearing is conducted under subsection (a), the United States must notify the defendant of the hearing and identify the classified information which will be at issue. If the information was not previously made available to the defendant, the United States may, with the Court's approval, provide a generic description of the material to the defendant. Thus, as Congress recognized in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as "the identity of an undercover intelligence agent" if this meets with court approval." S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4301 (1980).

At the Section 6(a) hearing, the Court would consider the defense proffer and arguments of counsel, and then would rule whether the classified information identified by

the defense is relevant under Rule 401 of the Federal Rules of Evidence. Smith, 780 F.2d at 1106; see generally Yunis, 867 F.2d at 622. The Court's inquiry does not end there, however, for under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." Id. The Court must also determine whether the evidence is cumulative, prejudicial, confusing, or misleading, such that it should be excluded under Rule 403 of the Federal Rules of Evidence. Wilson, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to each item of classified information.

Accordingly, for the reasons set forth above, to the extent you are seeking to disclose information in the classified summary provided to you in this case, please make a motion pursuant to CIPA Section 5, and in accordance with its requirements, setting forth the specific information you seek to disclose as well as the relevance and admissibility of such information.

II.     Yusuf's Purported Supplemental Brady Demand, dated January 15, 2015

On December 30, 2014, counsel for Mohamed Yusuf filed two letter requests, purporting to demand certain discovery pursuant to Brady v. Maryland, 373 U.S. 83 (1963). In particular, Yusuf's letters requested "disclosure of any information that shows or tends to show that witnesses the government intends to call at trial or depose pre-trial were tortured or threatened with torture prior to making statements to the U.S. or any other government" and "any information that shows or tends to show that the F.B.I. or other U.S. law enforcement agencies have policies, or practices regarding the reliability or lack of reliability of voice identification and whether the justice department has ever objected to or challenged the methods or methods similar to the ones utilized by [the government's voice identification expert] in this case." Copies of those letters are attached hereto as Exhibits A and B.

At the most recent status conference in this case, the government advised the Court that it appeared the defendant was making an early demand for 3500 material and Giglio material in the case. See Transcript dated January 8, 2015, at 15. The government specifically advised that it had "no understanding how [the requested materials] could be characterized as Brady material" and requested that the Court order the defendant to advise the government "under what theory the defense purports" this material "to be Brady material" in order to allow the government to comply with its discovery obligations, if appropriate. In response, the Court ordered the defendant to provide the government with a theory under which the defense considered the materials to be Brady material. See Transcript dated January 8, 2015 at 15 (Court: "And I think they have a right to that, Mr. Stern.")

In response, counsel for Mohamed Yusuf filed a letter dated January 15, 2015, in which he advised that the materials related to "torture" could be used for cross-examination of the government's witnesses, thereby conceding that he is in fact requesting early disclosure of 3500 material and Giglio material. Relatedly, and without setting forth any theory under which the requested materials could be considered Brady material, counsel

3

simply advised that he needed such materials "so that any appropriate motions can be made." See ECF 161, at 2.  With respect to the materials related to the government's voice identification expert, counsel summarily advised that "[f]or reasons which [he] think[s] are obvious [the requested information], if it exists, is exculpatory." See ECF 161, at 2.

Obviously, this response falls well short of the Court's order and the government continues to not understand the theory under which the defendant believes the requested material to be discoverable pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  In light of the above, the government requests that counsel for Mohamed Yusuf set forth such a theory in compliance with the Court's order in another letter to the government so that the government can provide any materials that may appropriately be discoverable to Mohamed Yusuf.

### III.     The November 26, 2014 Protective Order Entered by the Court

Finally, as the parties are aware, the Court entered a protective order in this case regarding certain unclassified materials that have been provided to the defendants in discovery.  See Stipulation and Order, dated November 26, 2012.  Based on recent communications with the parties, the government is concerned that aspects of the protective order may not have been followed in this case.  Pursuant to that order counsel for the defendants and their legal staff must sign a copy of the stipulation and order prior to reviewing any of the protected discovery.  See Id. at 2-3.  To the extent that any of your legal staff or counsel intends to review such protected discovery, the government requests that you immediately submit a signed copy of the stipulation and order for the government's review to determine compliance in this case.   Additionally, to the extent that Counsel expects disclose any protected materials to experts or others outside of their legal staff, "defense counsel must provide prior notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure." See Id. at 4.

Please do not hesitate to contact us with any questions.

          Very truly yours,

          LORETTA E. LYNCH
          United States Attorney

By:    /s/
          Shreve Ariail
          Seth D. DuCharme
          Richard Tucker
          Assistant U.S. Attorneys
          (718) 254-6616/6021/6204

          Annamartine Salick
          Counterterrorism Section
          U.S. Department of Justice