

U.S. Department of Justice

United States Attorney
Eastern District of New York

SDD
F.#2012R01574

271 Cadman Plaza East
Brooklyn, New York 11201

February 25, 2015

By ECF

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Ahmed et al.
      Criminal Docket No. 12-661 (S-2) (SLT)

Dear Judge Townes:

      The government respectfully submits this letter in response to the motion filed by the defendants in the above-captioned case earlier today, relating to the government's production of materials pursuant to Title 18, United States Code, Section 3500 in connection with an upcoming deposition. In sum, the government produced the majority of the 3500 material relating to the witness two weeks ago. As is customary, the government has supplemented the initial production with notes relating to witness preparation sessions as recently as today, when the government provided a comparatively small volume of information to defense counsel.

      As the Court is no doubt aware, the Jencks Act provides that "after a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C.A. § 3500(b). As the Second Circuit has observed, the Act "provides that no prior statement made by a government witness shall be the subject of discovery until that witness has testified on direct examination.[] We have previously held that Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements." United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001). See also In re United States, 834 F.2d 283, 286–87 (2d Cir. 1987) (granting mandamus to vacate order requiring production of witness statements); United States v. Percevault, 490 F.2d 126, 131 (2d Cir. 1974) (reversing order suppressing witnesses'

testimony on the grounds that the government did not produce witness statements in advance of trial despite being ordered to do so).

Here, there can be no colorable contention that the government has failed to comply with the Jencks Act, as the materials at issue were produced at least a day before the scheduled deposition and, with respect to most of the materials, two weeks before the witness's anticipated testimony for the sake of efficiency. Rather, the defendants speculate that certain of the materials are a summary of notes, which were at some point destroyed. The defendants are mistaken. The typed notes produced by the government are the materials that were created by the government during various preparation sessions. No underlying notes were destroyed. The government has produced the entirety of the materials discoverable under the Jencks Act with respect to this witness.

In addition, the defendant argues, without citing any legal authority, that the government has failed to meet its discovery obligations by not providing additional contextual details regarding the creation of the notes. The government is aware of no such requirement. Nevertheless, the government has responded to informal inquiries by defense counsel in an effort to clarify their understanding.

In sum, the government is aware of, and has complied with, its obligations pursuant to Title 18, United States Code, Section 3500. Accordingly, the relief sought by the defendants is unwarranted and the deposition should proceed as scheduled.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /s/                        
Shreve Ariail
Seth D. DuCharme
Richard M. Tucker
Assistant U.S. Attorneys
(718) 254-6616/6021/6204

cc:    Defense Counsel of Record, via email and ECF