UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
UNITED STATES OF AMERICA,

    - against -                                     **MEMORANDUM & ORDER**

ALI YASIN AHMED, *et al.*,                  12-CR-661 (SLT) (S-2)

            Defendants.
----------------------------------------------------------- x

**TOWNES, United States District Judge,**

Ali Yasin Ahmed, Madhi Hashi, and Mohamed Yusuf are charged in a five-count superseding indictment with crimes relating to their alleged support of a foreign terrorist organization, specifically al-Shabaab. As part of its proof at trial, the government plans to introduce audio recordings, which it claims feature the voices of defendants Ahmed and Yusuf. The government also intends to call Jonas Lindh as an expert in voice identification, to testify that the voices on the audio recordings in question are those of the defendants. Defendant Yusuf has moved to preclude this testimony on the grounds that it fails to meet the requirements set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and this Court will hold a hearing on April 24, 2015 to determine the admissibility of Mr. Lindh's testimony. At the hearing, defendant Yusuf intends to rebut Mr. Lindh's testimony by offering the testimony of Dr. James Wayman. The government accordingly requests, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), that the Court require defendant Yusuf to produce Dr. Wayman's expert report by March 30, 2015, so that the government may review the report, decide whether to call additional witnesses for the hearing, or conduct additional testing. (ECF No. 225.) Defendant Yusuf opposes this request. (ECF No. 227.) For the reasons set forth below, the government's request is GRANTED.

## DISCUSSION

Rule 16(b)(1)(C) provides that a "defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if . . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies . . . ."[1] Fed. R. Crim. P. 16(b)(1)(C); *see also United States v. Yousef*, 327 F.3d 56, 148 (2d Cir. 2003) (summarizing the Rule). Rule 16(b)(1)(C) mandates that the summary "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). "The purpose of this rule is 'to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006) (quoting Fed. R. Crim. P. 16, Adv. Comm. Notes, 1993 Am.). A court may preclude expert "testimony as a whole, or any part that it determines was not properly disclosed," for failure to comply with this Rule. *United States v. Mahaffy*, No. 05-CR-613 (ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007).

The government has made multiple requests for disclosure pursuant to Rule 16(b)(1)(C), but to date, Dr. Wayman's expert report has not been produced. Defendant's counsel argues that Rule 16(b)(1)(C) does not impose disclosure obligations with respect to testimony to be elicited at a *Daubert* hearing. (ECF No. 227.) Rule 16(b)(1)(C) is not so limited. While the Rule "only applies to expert witnesses that each side intends to call," Fed. R. Crim. P. 16, Adv. Comm.

---

[1] Rule 16(a)(1)(G) is the reciprocal discovery rule that applies to any proposed expert witness testimony offered by the government. In this case, it is not disputed that the government complied with its obligations under the Rule.

2

Notes, 1993 Am., its disclosure requirements are not cabined to expert witnesses actually called at trial. *See, e.g., United States v. Day*, 524 F.3d 1361, 1371-72 (D.C. Cir. 2008) (excluding the proffered testimony of an expert as a sanction for defense's failure to produce an expert report, in advance of a *Daubert* hearing, as required by Rule 16(b)(1)(C)). Consistent with the purpose of Rule 16(b)(1)(C), production of Dr. Wayman's expert report in advance of the *Daubert* hearing is necessary to provide the government "with a fair opportunity to test the merits of the expert's testimony through focused cross-examination" and "to permit more complete" preparation. Fed. R. Crim. P. 16, Adv. Comm. Notes, 1993 Am. "Allowing defendant to defer the provision of such discovery" until trial "would seem to frustrate the achievement of these two goals." *United States v. Jasper*, No. 00-CR-825 (PKL), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 31, 2003). Accordingly, defendant Yusuf is ordered to produce an expert report for Dr. Wayman, as required by Rule 16(b)(1)(C), by March 30, 2015.[2]

For the same reason, defendants are ordered to produce reports for any other voice identification experts that they anticipate calling at the *Daubert* hearing or at trial. Understandably, as it is over a month before trial, the parties may not have finalized their witnesses. Notwithstanding defense counsel's "strategic considerations of whether or not to have [an expert] testify," where there is a "clear possibility" that an expert will testify—as there may be here—a defendant is required to produce an expert report. *Jasper*, 2003 WL 223212, at *5. Therefore, defendants must produce expert reports for any other voice identification experts they anticipate they may call at trial by March 30, 2015.

---

[2] According to defendant's submission, he has "agreed to provide the Government with a summary report from [Dr. Wayman] . . . a week before the *Daubert* hearing." (ECF No. 227.) Delaying production of Dr. Wayman's report until a week before the *Daubert* hearing will not afford the government sufficient time to review the report and prepare accordingly, and therefore the Court declines to adopt defendant's proposed schedule.

3

Lastly, defendant Yusuf requests that the Court preclude the government from calling additional witnesses at the *Daubert* hearing or conducting additional testing in anticipation of the hearing. (ECF No. 227.) That request is denied. The government, of course, is bound by this Court's July 25, 2014 scheduling order and the requirements of Rules 16(a)(1)(G) and 16(c). That said, for purposes of the *Daubert* hearing, the government may call witnesses to testify generally about the science or techniques at issue. Such testimony, while not relevant to trial, may assist the Court in determining the reliability of Mr. Lindh's methodology. To the extent the government wishes to offer additional witnesses as experts, the government must show good cause for failure to provide notice pursuant to the scheduling order, and must produce expert reports as required by Rule 16(a)(1)(G). Any additional testing by Mr. Lindh must be disclosed to the extent required by Rules 16(a)(1)(G) and 16(c).

For the reasons stated above, the government's request is GRANTED. By March 30, 2015, defendants must produce expert reports for any voice identification experts they anticipate calling at the *Daubert* hearing or at trial. Additionally, defendant Yusuf's request that the government be precluded from calling additional witnesses or conducting additional testing is DENIED.

**SO ORDERED.**

Dated: Brooklyn, New York
March 27, 2015

*/s/ Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge