UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- x

UNITED STATES OF AMERICA,

       - against -

ALI YASIN AHMED, *et al.*,

       Defendants.

----------------------------------------------------------- x

**MEMORANDUM & ORDER**

12-CR-661 (SLT) (S-2)

**TOWNES, United States District Judge,**

In a memorandum and order issued on March 24, 2015, this Court denied several motions by defendants Ali Yasin Ahmed, Madhi Hashi, and Mohamed Yusuf to dismiss the indictment against them. In so ruling, the Court rejected defendants' argument that the indictment was not filed within the time limits prescribed by the Speedy Trial Act, 18 U.S.C. § 3161(b). (ECF No. 228 at 50-51.) Defendants now move for reconsideration of that particular decision. (ECF No. 242.) For the reasons set forth below, the motion is denied.

## DISCUSSION

Although the federal and local rules of criminal procedure do not specifically provide for motions for reconsideration, "such motions are tacitly accepted in criminal cases . . . by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a 'memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'" *United States v. Baldeo*, No. 13-CR-125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015) (quoting Local Crim. R. 49.1(d)). "Courts generally supplement Local Crim. R. 49.1(d) with the standard for civil reconsideration motions under Local Civ. R. 6.3." *Id.* (citing *United States v. Leaver*, 358 F. Supp. 2d 273, 277 n.14 (S.D.N.Y. 2005)); *see also United States v. James*, No. 02-CR-0778 (SJ), 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007). Under this standard, reconsideration will generally be denied unless the moving party can

point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Defendants have failed to establish a basis for reconsideration. Defendants' motion does nothing more than repeat the arguments and cases cited in their motion to dismiss. Defendants cite to no intervening change in controlling law, no new authority, and no new evidence. This is nothing more than an attempt to relitigate an issue already decided, and on that basis alone the Court could deny this motion.

In any event, defendants' argument lacks merit. The Speedy Trial Act's "thirty-day requirement" requires that "any . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). "[O]nly a *federal* arrest starts the thirty-day clock for prosecutors to file an indictment." *United States v. Faison*, 555 F. App'x 60, 63 (2d Cir. 2014) (citing *United States v. Lai Ming Tanu*, 589 F.2d 82, 88 (2d Cir. 1978)) (emphasis added). Until a defendant is "taken into federal custody 'in connection with' or 'for purposes of' answering federal charges," the clock does not begin to run. *United States v. Jones*, 129 F.3d 718, 722 (2d Cir. 1997) (quoting *United States v. Bloom*,

865 F.2d 485, 491 (2d Cir. 1989)). Thus, as this Court already explained, the triggering event

here was when defendants were transferred to United States custody in connection with the

charges in the indictment. Whether or not defendants' detention and interrogation in Djibouti

was part of a "joint venture" between the United States and Djibouti is irrelevant to the triggering

of the speedy-trial clock. As one court concluded while considering similar circumstances:

> Defendant's detention at the hands of foreign law enforcement officials cannot be said to have triggered the running of the statutory period under the Speedy Trial Act because the Speedy Trial Act can only be triggered by a *federal* arrest made in connection with *federal* charges, and at no time was defendant subjected to *federal* arrest pursuant to *federal* charges while detained in Ghana, Nigeria, and Malta. Because these foreign law enforcement officials are legally incapable of making a *federal* arrest pursuant to *federal* charges, defendant's Speedy Trial Act defense must fail as a matter of law. . . . the fact that federal agents were involved in the Ghanian, Nigerian, and Maltese investigations and detentions is inconsequential. Federal involvement does not magically transform an arrest conducted by a foreign sovereign into a *federal* arrest. Similarly, federal involvement or federal cooperation in foreign prosecutions and detentions does not constitute federal deputization of foreign government law enforcement officials.

*United States v. Rezaq*, 899 F. Supp. 697, 705-06 (D.D.C. 1995); *see also United States v.*

*Homaune*, 898 F. Supp. 2d 153, 166 (D.D.C. 2012) (defendant's custody by foreign authorities

did not start the speedy-trial clock because "only an arrest by *U.S. federal* authorities triggers the

Speedy Trial Act") (emphasis in original). The "joint venture" cases cited by defendants do not

concern the Speedy Trial Act and are inapplicable here.

Accordingly, for the foregoing reasons, the motion for reconsideration is DENIED.

**SO ORDERED.**

Dated: Brooklyn, New York
      April 9, 2015

                                            SANDRA L. TOWNES
                                            United States District Judge