UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

                        **Order**

     - against -

                        12-CR-661 (SLT) (S-2)

ALI YASIN AHMED, *et al.*,

               Defendants.
-----------------------------------------------------------X

**TOWNES, United States District Judge,**

       By order dated April 2, 2015 this Court denied, without prejudice, defendants' motion for a pre-trial taint hearing on the grounds that it was speculative and not sufficiently supported by evidence demonstrating a connection between the disputed evidence and the purportedly coerced statements. By motion filed on April 9, 2015, – improperly designated as a motion for reconsideration, rather than a renewed motion – defendants renewed their motion for a taint hearing, this time supported by reference to documents which purport to link the challenged evidence to the purportedly coerced statements. In their renewed motion, defendants once again assert that their motion to suppress was improperly denied as moot because they were denied the opportunity to establish a "primary illegality." *United States v. Ghailani*, 743 F. Supp. 2d 242, 250 (S.D.N.Y. 2010) (""[T]he fruit of the poisonous tree doctrine requires the exclusion of the fruits of illegally obtained evidence unless, ... 'granting establishment of the primary illegality, the evidence ... has been come at ... instead by means sufficiently distinguishable to be purged of the primary taint.'") (quoting *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963) (internal citations and footnotes omitted)).

       The Government is directed to respond to defendants' motion for a taint hearing. Any facts purporting to establish that the disputed evidence has a sufficiently distinguishable source must be submitted in admissible format. The Court is prepared to assume, for these limited

purposes, the establishment of a "primary illegality" until and unless the Government opposes the suppression motion on the grounds that the statements were voluntary. The Government's response shall be filed on or before April 20, 2015. Any reply by the defendants shall be filed on or before April 24, 2015.

**SO ORDERED**

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
April 14, 2015