UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

- against -

ALI YASIN AHMED, *et al.*,

Defendants.
-----------------------------------------------------------X

**Memorandum & Order**

12-CR-661 (SLT) (S-2)

**TOWNES, United States District Judge,**

Currently before the Court is defendants' motion seeking suppression of the deposition testimony of two foreign witnesses. (Dkt. No. 236.) Defendants argue that suppression is required because the deponents were tortured when they were first arrested by foreign law enforcement officers, allegedly as part of a joint-venture with the United States. They also renew their argument that the deposition testimony should be suppressed because the Government failed to comply with its obligations under the Jencks Act and has failed to show that the deponents were unavailable, within the meaning of Rule 15(c)(3) of the Federal Rules of Criminal Procedure. For the following reasons, the motion is denied in its entirety.

## Factual Background

Given the sensitive nature of the subject matter, for the safety of the witnesses and cooperating foreign officials, the Court's discussion of the facts is necessarily cursory. The relevant facts are follows:

Pursuant to Rule 15(c)(3) of the Federal Rules of Criminal Procedure, the depositions of two former al-Shabaab members took place abroad in February 2015. The Government anticipates introducing the deposition testimony at trial. The Court participated in the depositions by live two-way video link. Both deponents testified that when they were first arrested, in 2010 and 2011, they were subject to harsh treatment by the arresting foreign

1

government officials. Each deponent further testified that he was not tortured after this initial maltreatment. Neither deponent testified nor have the parties submitted any evidence suggesting that the United States Government was in any manner involved in the deponents' arrests or initial treatment.[1] Following their arrests, both deponents were eventually questioned, while in the custody of foreign law enforcement, by FBI agents. There is no allegation that either deponent was ever tortured or in any manner mistreated by or in the presence of any United States officials. Years later, both of the deponents agreed to be deposed in connection with this case. Defendants now move to suppress the deposition testimony.

## Discussion

Generally, a criminal defendant cannot raise a due process claim founded on outrageous government conduct directed toward a third party, nor can he seek suppression of evidence obtained in violation of the constitutional rights of a third party. *United States v. Anderson*, 772 F.3d 969, 974 (2d Cir. 2014). However, a criminal defendant does have a due process right to be convicted only on the basis of competent evidence. *See, e.g., Mohsin v. Ebert*, 626 F. Supp. 2d 280, 301 (E.D.N.Y. 2009) ("A prosecutor's knowing use of perjured testimony to secure a conviction violates the defendant's constitutional right to due process of law."); *Reyes v. City of New York*, 992 F. Supp. 2d 290, 297 (S.D.N.Y. 2014) ("Falsification of evidence or other egregious conduct resulting in a denial of a fair trial constitutes a violation of procedural due process.").

"[E]vidence under torture is not trustworthy." *U.S. ex rel. Caminito v. Murphy*, 222 F.2d 698, 702 (2d Cir. 1955). Moreover, "torture [is] so beyond the pale of civilized society that no

---

[1] Defendants speculate but present no evidence suggesting that the United States government was involved in either deponent's arrest. For this reason the Court does not consider defendants' "joint-venture" theory, which is based on an inapt analogy to cases in the *Miranda* context.

2

court could countenance it." *Anderson*, 772 F.3d at 975. Accordingly, it is well-established that "torture, and evidence obtained thereby, have no place in the American system of justice (or of any nation for that matter)." *United States v. Abu Ali*, 395 F. Supp. 2d 338, 380 (E.D. Va. 2005). "The rack and torture chamber may not be substituted for the witness stand." *Brown v. State of Mississippi*, 297 U.S. 278, 285-86 (1936). Thus, inculpating testimony secured through torture is not competent and its admission against a defendant violates due process. *See Abu Ali*, 395 F. Supp. 2d at 380; *Bradford v. Johnson*, 354 F. Supp. 1331, 1337 (E.D. Mich. 1972) *aff'd*, 476 F.2d 66 (6th Cir. 1973); *United States v. Gonzales*, 164 F.3d 1285, 1289 (10th Cir. 1999) ("[D]efendants' due process rights would be implicated if [a] witness was coerced into making *false* statements and those statements were admitted against defendants at trial."); *United States v. Chiavola*, 744 F.2d 1271, 1273 (7th Cir. 1984) ("Due process is implicated when the government seeks a conviction through use of evidence obtained by extreme coercion or torture."). It follows that defendants can seek the suppression of testimony, if that testimony was coerced by torture.

Here, however, the witnesses were tortured by another government, years ago. That they were once tortured does not necessarily mean that their testimony before this Court was the product of torture. In this context, the question must be whether the lingering effects of torture or reasonable fear of future torture had a coercive effect on the deponents *at the time of the depositions* and tainted their testimony.[2] *See Gonzales*, 164 F.3d at 1289 (concluding that the relevant question is whether "the subject witness' statements were coerced"); *cf. United States v.*

---

[2] Because the Court finds that the deponents testified voluntarily, the Court does not reach the question of under what circumstances the conduct of foreign law enforcement requires exclusion under the due process clause. *See United States v. Wolf*, 813 F.2d 970, 972 n.3 (9th Cir. 1987) (noting that "generally ... prophylactic constitutional rules designed to deter police misconduct do not apply to foreign police behavior").

3

*Karake*, 443 F. Supp. 2d 8, 86-94 (D.D.C. 2006) (analyzing the effect of torture on defendants in determining whether their statements to the FBI were voluntary and admissible).

Based on a review of the deposition testimony, the Court finds that the deponents' repeated statements that they were testifying voluntarily was credible, convincing, consistent, and uncontroverted. This testimony withstood the thorough cross examination of three defense counsel – no germane inconsistencies or flaws were revealed. The witnesses convincingly explained what motivated them to cooperate with the United States and testify against defendants. Specifically, one witness, who was no longer in custody when he testified, explained that he decided to tell the truth and cooperate with the United States because (1) after reflecting on his crimes he came to regret his participation in al-Shabaab attacks, and (2) after he was treated with respect by United States agents, he realized that he had been misled by al-Shabaab into fearing and hating the United States. The other witness testified that he agreed to cooperate with the United States at the urging of his mother. Having observed the demeanor of both deponents when they explained their decision to testify, the Court concludes that the deponents testified voluntarily and were in no manner coerced to give evidence against the defendants by the maltreatment they suffered years earlier when they were first arrested. Accordingly, suppression on these grounds is denied. The Court notes that defendants had ample opportunity to cross-examine the deponents and will have the opportunity to argue to the jury that this testimony is not credible.

Defendants further ask this Court to revisit its findings (1) that the Government did not violate its obligations under the Jencks Act in connection with these witnesses, and (2) that these witnesses were unavailable, within the meaning of Rule 15(c)(3) of the Federal Rules of

Criminal Procedure. As the defendants have presented no material facts or law overlooked by the Court in making its initial rulings, those portions of defendants' motion is denied. *See United States v. Rivera*, No. 13-CR-149 KAM, 2015 WL 1725991, at *6 (E.D.N.Y. Apr. 15, 2015) (refusing to reconsider an earlier ruling where no new facts or overlooked law were presented).

## Conclusion

Defendants' motion is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 236).

**SO ORDERED**

*/s/ Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
April 28, 2015