UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

          - against -                          **MEMORANDUM & ORDER**

ALI YASIN AHMED, *et al.*,                   12-CR-661 (SLT) (S-2)

          Defendants.
------------------------------------------------------------ x

**TOWNES, United States District Judge,**

On April 22, 2015, a mere two days before the scheduled *Daubert* hearing, defendant Ali Yasin Ahmed moved to preclude the Government's expert from testifying about Ahmed or adjourn the hearing on the ground that the Government failed to provide adequate or timely expert notice. Before beginning the *Daubert* hearing, the Court denied defendant's motion on the record on the ground that the Government had provided notice on December 21, 2014, and on numerous dates thereafter, that Jonas Lindh, the voice identification expert, would offer conclusions regarding Ahmed. Ahmed now moves for reconsideration of that order. For the reasons set forth below, the motion is denied.

## DISCUSSION

Although the federal and local rules of criminal procedure do not specifically provide for motions for reconsideration, "such motions are tacitly accepted in criminal cases . . . by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a 'memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'" *United States v. Baldeo*, No. 13-CR-125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015) (quoting Local Crim. R. 49.1(d)). "Courts generally supplement Local Crim. R. 49.1(d) with the standard for civil reconsideration motions under Local Civ. R. 6.3." *Id.* (citing *United States v. Leaver*, 358 F. Supp. 2d 273, 277 n.14 (S.D.N.Y. 2005)); *see also*

*United States v. James*, No. 02-CR-0778 (SJ), 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007). Under this standard, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Defendant, ignoring this standard, has failed to set forth a valid basis for reconsideration. The motion does not cite to an intervening change in controlling law, new authority, or new evidence. This is merely an attempt to relitigate an issue already decided, and on that basis alone the Court could deny the motion.

Regardless, defendant's motion for reconsideration—like his original motion—lacks merit. Rule 16(a)(1)(G) provides that at the defendant's request, the Government must give to the defendant a written summary of any expert testimony that it intends to use "during its case-in-chief at trial," and that summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). The Advisory Committee Notes to the 1993 Amendment to Rule 16 note that "[a]lthough no specific timing requirements are included [in the Rule], it is expected that the parties will make their requests and disclosures in a timely fashion." The Rule "is intended to minimize [the] surprise

that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *United States v. Cruz*, 363 F.3d 187, 196 n.2 (2d Cir. 2004) (quoting *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (modification in original). "If a party fails to comply with Rule 16, the court may order discovery, grant a continuance, preclude the introduction of evidence, or enter any other just order." *United States v. Healey*, 860 F. Supp. 2d 262, 268 (S.D.N.Y. 2012).

Defendant repeats his original argument that the Government failed to comply with Rule 16(a)(1)(G) by (1) not giving timely notice that Mr. Lindh would be testifying about Ahmed, and (2) failing to provide a written summary of Mr. Lindh's opinions relating to Ahmed. Defendant is incorrect in both regards.

Defendant has received timely notice that Mr. Lindh would offer opinions about Ahmed. On November 1, 2014, consistent with the Court's scheduling order, the Government provided notice *to all defendants* that it would be calling Mr. Lindh as a voice identification expert.[1] (ECF No. 117.) On December 21, 2014, the Government supplemented its disclosure by providing a second expert report by Mr. Lindh. (ECF No. 151.) In a footnote to the letter to *all defense counsel* on December 21, the Government indicated that Mr. Lindh "conducted supplemental analysis, included herein, regarding his conclusions regarding the voices of defendants Mohamed Yusuf and Ali Yasin Ahmed." (ECF No. 151-3.) In other words, defendant's counsel knew that Mr. Lindh would testify about Ahmed four months before the *Daubert* hearing. Any doubt in counsel's mind should have been put to rest after defendant received the Government's

---

[1] Though the Government's initial expert disclosure, provided before the scheduling order deadline, did not indicate that Mr. Lindh would offer an expert opinion relating to Ahmed, the Government supplemented the notice found months before the *Daubert* hearing. Given the latitude this Court has afforded to all parties relating to expert testimony notice, and the lack of prejudice to defendant, the Court declines to bar the testimony of Mr. Lindh on this basis.

3

December 23, 2014 opposition to defense's pre-trial motions, in which the Government notes that Mr. Lindh "made additional conclusions related to both Ahmed and Yusuf and their appearance on highly inculpatory Swedish intercepts that the Government intends to offer at trial in this case." (ECF No. 153 at 73-75.) After defendant Yusuf moved for a *Daubert* hearing, the Government noted at length in its March 13, 2015 opposition that Mr. Lindh had reached conclusions relating to defendant Ahmed. (ECF No. 222.) Based on these disclosures, the latest of which was made over 30 days before the hearing, defendant received sufficiently timely notice. *See United States v. Rosario*, No. 09-CR-415-2 (VEC), 2014 WL 6076364, at *4 (S.D.N.Y. Nov. 14, 2014) (Government's notice "less than two weeks before trial . . . was not so untimely . . . as to warrant exclusion" since the "substance of the proposed testimony was not a surprise"); *United States v. Lino*, No. 00-CR-632 (WHP), 2001 WL 8356, at *21 (S.D.N.Y. Jan. 2, 2001) (thirty day notice was proper).

Defendant also received a sufficient written summary of Mr. Lindh's opinion. The supplemental analysis, disclosed on December 21, 2014, tests the hypothesis that the speech from "known speaker 2" and "unknown speaker 3" originates from the same individual. The report identifies Ahmed by his initials as "known speaker 2." In the report, Mr. Lindh concludes that the "results of the examination support that the compared speech originates from the same speaker." In other words, Mr. Lindh's report indicates that it is Ahmed's voice on certain recorded telephone calls. Mr. Lindh's report was sufficiently detailed so as to meet the requirements of Rule 16.

Finally, there is the question of prejudice. Given the timing of the Government's disclosures, defendant's claim that he has not had sufficient time to employ an expert lacks credibility. The Court is likewise troubled by the fact that defendant did not raise this issue until

4

two days before the *Daubert* hearing. Nonetheless, the Court will permit defendant's counsel to consult with a voice identification expert on the admissibility of Mr. Lindh's opinion testimony and evidence. If defendant identifies an expert to offer an opinion relating to admissibility, defendant may move to reopen the *Daubert* hearing. Such an application is due by or before May 7, 2015. Defendant's decision not to call a voice identification expert relating to admissibility will not prejudice his right to call such an expert at trial, provided defendant provides notice and disclosure as required by Rule 16 within two weeks of trial.

Accordingly, for the foregoing reasons, the motion for reconsideration is DENIED.

**SO ORDERED.**

Dated: Brooklyn, New York
April 29, 2015

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

5