<␊<␊<␊<␊<␊<␊Case 1:12-cr-00661-JG-LB   Document 337   Filed 01/07/16   Page 1 of 2 PageID #: 3240



U.S. Department of Justice

United States Attorney
Eastern District of New York

SA/SDD/RMT
F. #2012R01574

271 Cadman Plaza East
Brooklyn, New York 11201

January 7, 2016

By ECF
Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Ahmed et al.
                   Criminal Docket No. 12 CR 661 (S-2)(JG)

Dear Judge Gleeson:

        The government writes respectfully to advise the Court of a collateral judicial determination relevant to the sentencing of the defendants in the above-referenced case. As the Court is aware, the defendant, Mahdi Mohamed Hashi, has been engaged in ancillary litigation in the United Kingdom before the U.K. Special Immigration Appeals Commission (the "SIAC") regarding his loss of citizenship in that country. During the proceedings in that matter, the SIAC held multiple open and closed hearings, received various submissions, including a sworn affidavit by Hashi, all of which addressed various issues raised in the government's prosecution in this case. Of significant note to the Court, the SIAC issued an order dated January 22, 2015, and made specific credibility determinations related both to a sworn affidavit submitted by Hashi and to submissions and testimony provided by Hashi's family on his behalf. (SIAC Judgment on Preliminary Issues, dated January 22, 2015 ("SIAC Order").)[1]

        Notably, in his sworn affidavit, Hashi had claimed that in early July 2012, his mother had spoken to him on the phone while he was in Somalia and "explained that [she] had received a letter in the U.K. indicating that his] citizenship [was] being revoked . . . ." and a "phone call claiming that I was involved in extremist activity." (Hashi Aff., dated April 15, 2013 at ¶ 81.)[2] Hashi also claimed that his "mother said that she would appeal" the revocation of citizenship and that Hashi "agreed" with this course of action. (Id.) Hashi also

---

      [1] A copy of the SIAC Order is attached hereto as Exhibit A.

      [2] A copy of Hashi's Affidavit is attached hereto as Exhibit B.

claimed that on July 15, 2012, he had later spoken to his father whom Hashi indicated had discussed with his mother the issue of Hashi's deprivation of citizenship and the fact "that they were taking the matter to court." (Id. at ¶ 86.)  Hashi stated that "[w]hen [Hashi] asked [his father] about the letter [regarding deprivation of citizenship, his father] mentioned something about a 28 day period but told [Hashi] not to worry and that everything would be ok and that he would not allow the deprivation to happen." (Id.)  Finally, Hashi also claimed that he "was [at the time] very upset about the whole matter" regarding his loss of citizenship and the allegations he was involved in extremist activity. ((Id.) (emphasis added))

Notably though, the SIAC found that while Hashi claimed in his affidavit to be "highly concerned by the deprivation [of his U.K. citizenship] and insistent on appeal . . .," in reality, Hashi "probably knew quickly of the decision [regarding the deprivation of his citizenship] but [that he] was not concerned to lodge a timely appeal." (SIAC Order at ¶ 120).  Similarly, the SIAC Order indicated that Hashi's father was "cross-examined" regarding the "two [differing] accounts" that he had provided to that Court regarding notice of Hashi's deprivation of citizenship.  (Id. at ¶ 106.)  The Court specifically found that Hashi's father "was [un]able to give [a] credible explanation for the inconsistency" and specifically determined that it was "unable to rely on [Hashi's father's] credibility as a witness as a consequence."  (Id.; see also Id. at ¶ 120 ("We have already expressed our concern as to the credibility of [Hashi]'s father and as to conflicts within [Hashi]'s case.") (emphasis added))

The SIAC also found that its "conclusion [that Hashi had falsely claimed concern over his loss of citizenship in the affidavit was also] firmly supported by the CLOSED evidence" submitted in the case.  (SIAC Order at ¶ 121; see also Id. ¶ 122 ("There are strong indications that, contrary to [Hashi]'s case, he did not have a high level of concern about the matter. That latter point is strongly supported by the CLOSED evidence, as we point out in the CLOSED judgment.")(emphasis added))

        Respectfully submitted,

        ROBERT L. CAPERS
        United States Attorney

By:    /s/
        Shreve Ariail
        Seth D. DuCharme
        Richard M. Tucker
        Assistant U.S. Attorneys
        (718) 254-6616/6021/6204

cc    Counsel of record (by EMAIL and ECF)
      Jamie Turton, U.S. Probation (by EMAIL)